Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner.
 ***********
Accordingly, the Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act
2. An employment relationship existed at the time of the alleged incident.
 *********** EVIDENTIARY RULING
The Full Commission reverses the Deputy Commissioner's ruling that admitted Defendant's Exhibit 2, the letter from Ken Lynn, into the record. Because the letter was prepared three months after the incident in question and in anticipation of litigation, it does not qualify under the business record exception to the hearsay rule outlined in North Carolina Rule of Evidence 803(6). Therefore, the Full Commission has not considered this exhibit in rendering its decision.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff was employed by defendant-employer on October 20, 1998. She had been employed there for approximately 2 to 3 months.
2. Plaintiff worked as a dishwasher and sometimes assisted in food preparation.
3. Plaintiff was warned by defendant-employer several times concerning her unacceptable behavior at work.
4. Plaintiff was specifically warned by defendant-employer's owner, Barbara Thomason, and the kitchen manager, Ken Lynn, concerning plaintiff's tendency to engage in arguments and difficulty controlling her temper at work. Plaintiff often had problems working with others and often engaged in arguments with co-workers, disrupting the workplace.
5. On October 20, 1998, plaintiff was performing her normal job duties when her left ring finger was very briefly caught between a rack of dishes and a conveyor belt, which moved the dishes through a washing device.
6. Plaintiff continued to work through the remainder of her shift and did not report this incident to her supervisor.
7. On October 21, 1998, the day after the alleged injury at work, plaintiff was terminated from her employment due to her unacceptable behavior at work. At the time of her termination, defendant-employer was unaware of any workers' compensation claim by plaintiff.
8. At 8:17 p.m. on October 21, 1998, after plaintiff had been terminated, she first sought treatment at Duke University Medical Center Emergency Department.
9. Plaintiff was diagnosed with a left ring finger contusion and her discharge condition was good. X-rays taken at Duke showed no fracture of the finger. Plaintiff was not provided any restrictions nor was she written out of work.
10. Plaintiff was treated at Lincoln Community Health Center on November 24, 1998 for a variety of different conditions. Plaintiff reported the injury to her finger at work and complained of swelling at the joint of the finger. Again, plaintiff was not written out of work or provided any restrictions.
12. Plaintiff's average weekly wage was $300.00.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident to her left ring finger on October 20, 1998. N.C. Gen. Stat. § 97-2(6).
2. As a result of the injury by accident, plaintiff is entitled to payment by defendants of the Duke University Medical Center treatment of her finger on October 21, 1998. N.C. Gen. Stat. § 97-25.
3. Plaintiff failed to show by the greater weight of the evidence that she was disabled in any way as a result of her injury by accident. N.C. Gen. Stat. §§ 97-29, 97-31.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay for the medical treatment at Duke University Medical Center on October 21, 1998 for the contusion to plaintiff's finger.
2. Under the law, plaintiff is entitled to receive no compensation benefits or other award in addition to paragraph 1 of this Award.
3. Defendants shall pay the costs.
This the ___ day of November 2001.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER
LKM/mhb